[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The decision rendered by this court on April 13, 2000 is vacated and the judgment re-opened. This action is deemed appropriate in view of the apparent confusion on the part of counsel for the defendant in not appearing and submitting his brief.
After a consideration of both briefs and an examination of all prior proceedings, these facts dictate in part the courts decision:
1. On October 28, 1998, judgment entered against Northeast Technical Sales, Inc., the lessee of the agreement of which the defendant John E. Mooney is the guarantor. CT Page 4590
2. On that judgment, $5,288.00 was attributed to the lease guaranteed by Mooney.
3. That judgment is final, not having been appealed, modified or otherwise attacked.
Therefore, the defendant John E. Mooney's obligation under terms of the guaranty is for that portion of the judgment.
While the plaintiff argues it is also entitled to recover against this defendant as a guarantor of a second lease (also included in the 1998 judgment), the court disagrees.
First, the language of the guaranty does not contain a time limit and it would be unconscionable to interpret that instrument as a permanent guaranty for all Northeast obligations ad infinitum.
Also, the instrument refers specifically to a particular lease and although it does contain language covering sums due "however arising" and "due or to become due," these terms must be construed as referring to obligations arising out of this particular lease transaction.
The ambiguity presented must be interpreted in favor of the defendant as the plaintiff prepared the document, using its customary printed forms.
Judgment may enter for the plaintiff to recover of the defendant, John E. Mooney, the sum of $5,288.00, plus interest from October 28, 1999 to date in the amount of $775.57.
Costs may be taxed in favor of the plaintiff.
 Anthony V. DeMayo Judge Trial Referee
CT Page 4591